UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

LUIS PINA,

          Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE
OFFICER VICTOR CARDONA, POLICE
OFFICER JAY ROBLES, POLICE
OFFICER ROBERT MORTENSEN, POLICE
OFFICER JOHN DOE, AND
CORRECTIONS OFFICER JOHN DOE,
Individually and in their Official Capacities,

          Defendants.
---------------------------------------------------------------x

JUDGE SULLIVAN

10 CIV 7327

**COMPLAINT
AND DEMAND FOR
JURY TRIAL**



Plaintiff, LUIS PINA, by and through his attorneys, **Fisher, Byrialsen & Kreizer PLLC,** complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK, POLICE OFFICER VICTOR CARDONA, POLICE OFFICER JAY ROBLES, POLICE OFFICER ROBERT MORTENSEN, POLICE OFFICER JOHN DOE, AND CORRECTIONS OFFICER JOHN DOE, as Officers of the New York City Police Department and Department of Corrections, acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981, 1983, 1988; by the United States Constitution, including its Fourth, Fifth,

Eighth, and Fourteenth Amendments; and by the laws and Constitution of the State of New York.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory, and common laws of the State of New York.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

4. Plaintiff further invokes this Court's pendent jurisdiction over any and all state-law claims and causes of action which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action pursuant to 28 U.S.C. § 1367.

## VENUE

5. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## NOTICE OF CLAIM

6. Plaintiff Luis Pina filed a Notice of Claim on January 29, 2010 with the Comptroller of the City of New York within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## TRIAL BY JURY

7. Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

8. At all times relevant hereto Plaintiff Luis Pina was and is a citizen of the United States and was and is residing in Bronx, New York at the time of the incident.

9. At all times relevant hereto defendant The City of New York (hereinafter, "NYC") was and is a municipality of the State of New York and owns, operates, manages, directs, and controls the New York City Police Department and New York City Department of Corrections, which employs the other named Defendants.

10. At all times relevant to this action, Defendant POLICE OFFICER VICTOR CARDONA, POLICE OFFICER JAY ROBLES, POLICE OFFICER ROBERT MORTENSEN, and POLICE OFFICER JOHN DOE are and were police officers employed by the New York City Police Department (hereinafter, "NYPD") and acting under color of state law. They are being sued in both their individual and official capacities.

11. At all times relevant to this action, Defendant Corrections Officer John Doe is and was a corrections officer employed by the New York City Department of Corrections (hereinafter, "DOC") and acting under color of state law. He is being sued in both his individual and official capacities.

12. At all times relevant hereto and in all their actions described herein, Defendants POLICE OFFICER VICTOR CARDONA, POLICE OFFICER JAY ROBLES, POLICE OFFICER ROBERT MORTENSEN, POLICE OFFICER JOHN DOE, AND CORRECTIONS

3

OFFICER JOHN DOE were acting under color of statutes, ordinances, regulations, policies, customs, and usages of the NYPD, DOC and NYC, pursuant to their authority as employees, servants, and agents of the NYPD and DOC within the scope of their employment and incidental to their otherwise lawful duties and functions as employees, servants, agents, corrections officers and police officers.

13. NYC was responsible for the hiring, training, supervision, discipline, retention, and promotion of the police officers, corrections officers, sergeants, and/or employees of the NYPD and DOC. They are being sued both in their individual and official capacity.

## FACTS

14. On October 30, 2009, at approximately 9:50 a.m., Plaintiff Luis Pina was arrested outside of 123rd Street and 3rd Avenue in New York, NY.

15. An officer confiscated Plaintiff Pina's two bottles of prescription methadone medication that he received from the Bellvue Clinic earlier that morning and arrested Plaintiff Pina.

16. Plaintiff Pina was transported to the 19th precinct.

17. At about 2:30 p.m., Plaintiff was transported to Central Booking.

18. While Plaintiff was waiting to be arraigned, he informed the Emergency Medical Technician at Central Booking that he was diabetic and that he also needed his prescription methadone medication.

19. Plaintiff requested to call his family to notify them of his arrest and to ask that they bring him his medication, but he was not permitted to make the phone call.

20. Plaintiff was arraigned at approximately 8:00 p.m. in Manhattan Supreme Court and

bail was set at five hundred dollars ($500.00) cash or fifteen hundred dollars ($1,500.00) bond.

21. Plaintiff Pina was brought to Riker's Island on the evening of October 30, 2009.

22. When Plaintiff arrived at Riker's Island, he told the officers that his diabetic condition required him to take medication and that he also had a prescription for methadone.

23. Plaintiff gave his Federal ID number from his methadone treatment program to one of the officers.

24. The corrections officer sent Plaintiff to C-95, the drug rehabilitation facility at Riker's Island.

25. On Saturday, October 31, 2009, Plaintiff did not receive his diabetes medication and the officers informed Plaintiff that because they failed to verify his Federal ID number they would not provide him with his methadone medication.

26. Again on Sunday, November 1, 2009, Plaintiff did not receive his diabetes medication and the officers informed Plaintiff that because they failed to verify his Federal ID number they would not provide him with his methadone medication.

27. The officers continued to refuse to provide Plaintiff Pina with his diabetes medication despite his repeated requests for it.

28. On Monday, November 2, 2009, the officers confirmed that they had verified Plaintiff's Federal ID number.

29. However, on November 2, 2009, Plaintiff was informed that because he was testing his blood sugar in a separate unit during medication distribution, he could not receive his prescribed dose of methadone or his diabetes medication.

30. When Plaintiff informed an officer that he missed the medication distribution because he was testing his blood sugar at the infirmary, the officer dismissed Plaintiff's concerns and

advised that Plaintiff would not be able to obtain his methadone or diabetes medication until the following day.

31. On the evening of Tuesday, November 3, 2009 Plaintiff began to go through severe withdrawal, which caused Plaintiff to vomit, feel faint, hallucinate and go into shock.

32. Plaintiff's unstable medical condition was further complicated by his unstable blood sugar levels.

33. When Plaintiff's withdrawal symptoms flared up in conjunction with the complications from his unstable blood sugar levels, another inmate escorted him to the medical area where methadone is distributed.

31. A nurse gave Plaintiff a white liquid.

32. Plaintiff was not permitted to check his blood sugar on Tuesday, November 3, 2009 and he did not receive his prescription medication.

33. On Wednesday, November 4, 2009 at approximately 5:00 a.m. Plaintiff was woken up to go to court. He did not receive any breakfast or medication.

34. At this time, Plaintiff began to go in and out of consciousness and has no recollection of the ride from Riker's Island to the courthouse.

35. Plaintiff met his attorney in a cell at the courthouse.

36. Plaintiff's attorney observed his medical condition and advised the court officer to call an ambulance to the courthouse.

37. Plaintiff's son helped Plaintiff to the ambulance where they checked his vitals and transported him to the hospital.

38. Plaintiff was admitted to the emergency room at St. Vincent's Hospital on the afternoon of Wednesday, November 4, 2009.

39. Plaintiff was placed on an IV, had an MRI and a cat scan.

40. Plaintiff remained admitted at St. Vincent's Hospital until November 10, 2009.

41. Plaintiff went home on November 10, 2009 at approximately 7:00 p.m.

42. Plaintiff was admitted to St. Vincent's in-patient rehabilitation facility in Harrison, NY, where he remained until December 2, 2009 for treatment.

43. As a result of the deliberate indifference to Mr. Pina's medical needs while he was in custody, Plaintiff endured great pain and suffering, aggravation of his diabetes medical condition and aggravation of his methadone treatment.

44. Mr. Pina has also received medical bills for the treatment he received at St. Vincent's Hospital.

45. On or about January 29, 2009, and within ninety (90) days of the incident, a Notice of Claim on behalf of Plaintiff was served upon NYC.

46. At least thirty (30) days have elapsed since said demand and/or claim upon which this action is in part predicated was presented to NYC for adjustment and NYC has neglected and/or refused to adjust and/or make payment.

47. This action is commenced within one (1) year and ninety (90) days of the occurrence herein.

## FIRST CLAIM FOR RELIEF: DEPRIVATION OF FEDERAL CIVIL RIGHTS

48. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

49. All of the aforementioned acts of Defendants, their agents, servants, and employees

were carried out under color of state law.

50. All of the aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed citizens of the United States by the Fourth, Fifth, Eight, and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

51. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and corrections officers, with the entire actual and/or apparent authority attendant thereto.

52. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as officers, pursuant to the customs, usages, practices, procedures, and rules of NYC, the NYPD and DOC, all under the supervision of ranking officers of said departments.

53. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

54. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually and jointly liable.

## SECOND CLAIM FOR RELIEF: DELIBERATE INDIFFERENCE TO A MEDICAL NEED

55. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

56. The deprivation of diabetes medication and prescription methadone medication to

Plaintiff was sufficiently serious, where such deprivation presented a condition of urgency, which may produce death, degeneration, or extreme pain, and did in fact produce degeneration and extreme pain.

57. Objectively, the deprivation was sufficiently serious because a reasonable doctor or patient would find it important that Plaintiff should have received his diabetes and methadone medication, where the deprivation of Plaintiff's medication caused chronic and substantial pain.

58. When Plaintiff informed multiple officials while he was in custody that he had serious medical conditions related to diabetes and his methadone treatment that required medication to prevent extreme pain, death and fast-degeneration, the defendant officials subjectively acted with a reckless indifference where they were aware of plaintiff's serious medical needs and consciously disregarded a substantial risk of serious harm and refused to provide Plaintiff with his required medications.

59. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourteenth Amendment's Due Process Clause to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually and jointly liable.

### THIRD CLAIM FOR RELIEF: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

60. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

61. Defendants NYC, Defendant Police Officers and Defendant Corrections Officers engaged in extreme and outrageous conduct beyond all possible bounds of decency when they acted with deliberate indifference to Plaintiff Pina's medical needs.

62. Defendants' extreme and outrageous conduct was intended to inflict severe distress upon Plaintiff Pina when they acted with such deliberate indifference to Plaintiff's medical needs.

63. Defendant Officers' outrageous conduct did inflict severe distress upon Plaintiff Pina, which caused Plaintiff Pina to suffer anxiety, mental anguish, pain and suffering.

64. All of the aforementioned acts of the Defendants constituted intentional infliction of emotional distress under the law of the State of New York and the Defendants are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## FOURTH CLAIM FOR RELIEF: NEGLIGENCE

65. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

66. Defendant Officers failed to use that degree of care that reasonably prudent officers would have used under the same circumstances when they failed to do acts that reasonably prudent officers would have done under the same circumstances.

67. Defendant Officers breached their duty of ordinary care to Plaintiff Pina by failing to exercise ordinary care and neglecting to follow proper procedures in providing essential medical care while Plaintiff Pina was incarcerated.

68. All of the aforementioned acts of the Defendants constituted negligence under the law of the State of New York and the Defendants are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## FIFTH CLAIM FOR RELIEF:
## GROSS NEGLIGENCE OR WILLFUL MISCONDUCT

69. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

70. Defendant Officers were grossly negligent when they failed to use even slight care and acted with conduct that was so careless as to show complete disregard for the rights and safety of others when they failed to follow proper procedures in providing essential medical care to Plaintiff Pina while he was in custody and while he was incarcerated.

71. Defendant Officers acted with willful misconduct when they acted intentionally and/or failed to act knowing that their actions would probably result in injury or damage.

72. Defendant Officers acted with willful misconduct when they acted in so reckless a manner and/or failed to act in circumstances where an act was clearly required, so as to indicate disregard of the consequences of their actions and inactions.

73. All of the aforementioned acts of the Defendants constituted gross negligence or willful misconduct under the law of the State of New York and the Defendants are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## SIXTH CLAIM FOR RELIEF:
## CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
## UNDER 42 U.S.C. § 1983, 1985, 1986

74. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

75. All the defendants, acting with each other individually and on behalf of and under the

auspices and control of the City, and under color of law, conspired to injure plaintiff in his person and deprive plaintiff of his First, Fourth, Fifth and Fourteenth Amendment rights. The defendants jointly caused such deprivation of rights by acting in concert to fail to obtain prompt medical attention and provide required medications to inmates in the custody of the NYPD and DOC.

76. The defendants further deprived the plaintiff of his due process rights specifically by conspiring to neglect to obtain prompt medical attention and provide required medications to inmates in the custody of the NYPD and DOC; by denying the plaintiff his First, Fourth, Fifth and Fourteenth Amendment rights via a conspiracy to deprive the plaintiff of his liberty without due process and compensation; conspiring together to cover up the misconduct they committed; and preventing the plaintiff from being compensated for his wrongful treatment, for the loss of his constitutional rights and for the emotional harm he incurred.

77. The aforesaid actions by the defendant officers were done pursuant to an official municipal policy or custom of the city and state, which policy involved the indiscriminate detention, interrogation, intimidation, denial of medical attention, and prosecution of individuals who were not engaged in criminal conduct, and for the purpose of thwarting the fair administration of justice.

78. The defendants' failure to stop these wrongful acts and actions constitutes a breach of their duty to do so under 42 U.S.C. § 1986.

79. The defendants knew or should have known that the misconduct and failure to obtain prompt medical attention and provide required medications to inmates in the custody of the NYPD and DOC were violative of his First, Fourth, Fifth and Fourteenth Amendment rights to due process and equal protection, and were tantamount to unequal protection under the law, in

violation of the plaintiff's fundamental rights under the Constitution.

80. Said defendants had the power to prevent the continued due process violations against the plaintiff, yet had failed prevent the defendant officers from neglecting to obtain prompt medical attention and neglecting to provide required medications to inmates in the custody of the NYPD and DOC.

81. Defendants herein, their agents, servants and employees, motivated in part by racial and/or ethnic animus, conspired to deprive plaintiff of his federal civil and constitutional rights, in violation of 42 U.S.C. § 1985.

82. All of the aforementioned acts of Defendants constituted a violation of Plaintiff's civil rights provided to him under the United States Constitution and 42 U.S.C. § 1983, 1985, and 1986.

## SEVENTH CLAIM FOR RELIEF: MUNICIPAL LIABILITY

83. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

84. At all times material to this complaint, NYC, acting through its police department and through Defendants POLICE OFFICER VICTOR CARDONA, POLICE OFFICER JAY ROBLES, POLICE OFFICER ROBERT MORTENSEN, POLICE OFFICER JOHN DOE, AND CORRECTIONS OFFICER JOHN DOE had de facto policies, practices, customs, and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

85. At all times material to this complaint, Defendant NYC, acting through its police department, and through Defendants POLICE OFFICER VICTOR CARDONA, POLICE OFFICER JAY ROBLES, POLICE OFFICER ROBERT MORTENSEN, POLICE OFFICER

JOHN DOE, AND CORRECTIONS OFFICER JOHN DOE, and NYPD and DOC, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees, officers, detectives and corrections officers and of failing to inform the individual Defendants' supervisors of their need to train, screen, supervise or discipline said Defendants. The policies, customs and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

86. The acts complained of were carried out by the aforementioned Defendants in their capacities as police officers, corrections officers and officials, with the entire actual and/or apparent authority attendant thereto.

87. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, corrections officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of NYC, the NYPD and the DOC, all under the supervision of ranking officers of said department.

88. The aforementioned customs, policies, usages, practices, procedures, and rules of NYC, NYPD and DOC included, but were not limited to, failure to obtain prompt medical attention and provide required medications to inmates in the custody of NYPD and DOC.

89. The foregoing customs, policies, usages, practices, procedures, and rule of NYC, the NYPD and the DOC constituted deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff Luis Pina.

90. The foregoing customs, policies, usages, practices, procedures, and rule of NYC, NYPD, and the DOC were the proximate cause of the constitutional violations suffered by Plaintiff Luis Pina as alleged herein.

91. The foregoing customs, policies, usages, practices, procedures, and rule of NYC, the

NYPD and DOC were the moving force behind the constitutional violations suffered by Plaintiff Luis Pina as alleged herein.

92. Defendants, collectively and individually, while acting under the color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff Pina.

93. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and corrections officers and were directly responsible for the violation of Plaintiff's constitutional rights.

94. Defendant POLICE OFFICER VICTOR CARDONA, POLICE OFFICER JAY ROBLES, POLICE OFFICER ROBERT MORTENSEN, POLICE OFFICER JOHN DOE, AND CORRECTIONS OFFICER JOHN DOE, while under an obligation to do so, failed to protect Plaintiff from the violation of his civil and constitutional rights.

95. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers and other officers of the NYPD and DOC, has pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their freedom from deprivation of Liberty without Due Process of Law, lack of adequate medical care to inmates, arrest without probable cause, uncounseled and unwarned custodial interrogation, in violation of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

96. All the foregoing acts by Defendants deprived Plaintiff Pina of federally protected rights, including, but not limited to, the right:

    a.    Not to be deprived of liberty without due process of law;

    b.    To be free from unreasonable search and seizure under the Fourth and

15

Fourteenth Amendments to the United States Constitution;

c. To be protected against violations of his civil and constitutional rights;

d. To be free from intentional assault, battery, and infliction of emotional distress;

e. Not to have cruel and unusual punishment imposed upon him; and

f. To receive equal protection under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS; and

2. Punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS; and

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED:   New York, New York
         September 22, 2010

Respectfully submitted,

_____
Alissa Boshnack, Esq. (AB0977)

FISHER, BYRIALSEN & KREIZER PLLC
*Attorney for Plaintiff*
291 Broadway, Suite 709
New York, New York 10007
(347) 289-5101